UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

**FREDRICK HOLLOWAY**  :  Case No. 1:16cv1075
2963 Orchard Tree Ct.  :
Cincinnati, OH 45239  :  Judge
 :
vs.  :
 :
**KINGS DODGE, INC.**  :
9500 Kings Automall Rd.  :
Cincinnati, OH 45249  :
 :
and  :
 :
**KENWOOD DEALER GROUP, INC.**  :
9500 Kings Automall Rd.  :
Cincinnati, OH 45249  :
 :

_____

**COMPLAINT AND JURY DEMAND**
_____

Plaintiff, Frederick Holloway, for his complaint against the Kenwood Dealer Group, Inc. and Kings Dodge, Inc. states as follows:

### I. PRELIMINARY STATEMENT

1. This action arises from the intentional, purposeful, and discriminatory decision of Kenwood Dealership Group, Inc. and Kings Dodge, Inc. to terminate Mr. Holloway's employment as a new and used vehicle salesperson at their automobile sales dealership and to later refuse to rehire him on account of his age and physical condition.

2. Mr. Holloway seeks monetary damages for his economic and non-economic injuries he has suffered and continues to suffer as a proximate result of Defendants' actions; reinstatement to his previous sales position or in the alternative an award

of front pay; punitive damages; and an award of his cost of reasonable attorney's fees.

3. This action is brought pursuant to the provisions of 29 USC § 621 et seq. and R.C. §4112.02 et seq. and §4112.99.

## II. JURISDICTION

4. This court has jurisdiction over this matter pursuant to 28 USC § 1331 and R.C. § 2305.1.

5. The venue in this court is appropriate because of the actions complained herein occurred within the Southern District of Ohio.

6. This court may also assume supplemental jurisdiction over Mr. Holloway's state law claims because said claims arise out of the same nucleus of operative facts as his federal claim.

## III. PARTIES

7. Frederick Holloway, ("Mr. Holloway") is a citizen of the United States and a resident of Hamilton County, Ohio.

8. Defendant Kenwood Dealer Group, Inc. ("Kenwood") is a for profit corporation licensed in the state of Ohio which owns and controls various automobile dealerships in the Greater Cincinnati area, including Kings Dodge, Inc. which leases and sells used and new automobiles from its dealership in Mason, Ohio. Mr. Holloway was employed as a salesperson by Kings Dodge, Inc. ("Kings Dodge").

9. Defendants Kenwood and Kings Dodge each employ more than 15 full time employees and as such qualify as "employers" for the purposes of 29 USC § 621e et seq. and R.C. § 4112.02 et seq.

## IV. ADMINISTRATIVE HISTORY

10. On or about January 25, 2016, Mr. Holloway filed an administrative charge of discrimination against Kenwood Dealer Group, Inc. with the Equal Opportunity Employment Commission ("EEOC"), charge number 473-2016-00360, alleging that he had been terminated and not rehired as a result of discrimination based on age and disability.

11. Mr. Holloway is filing this complaint for discrimination on account of age more than 60 days after filing the above-mentioned charge with the EEOC. Mr. Holloway intends to supplement this complaint with a claim of disability discrimination under the Americans with Disabilities Act. upon receipt of a Notice of Right to Sue from the EEOC.

## V. STATEMENT OF THE CASE

12. As of the date of this filing, Mr. Holloway is 61 years of age.

13. On or about October 2014, and continuing from that date through the period of his employment at Kings Dodge and Kenwood, Mr. Holloway suffered from a physical impairment that substantially limited one or more life activity, e.g. walking and standing. As such Mr. Holloway was a disabled individual under federal and state law.

14. In or about the year 1999 Mr. Holloway was employed by Kenwood and Kings Dodge as a full-time sales representative.

15. Throughout the course of his employment Mr. Holloway was a productive and successful employee who consistently earned commendations for his performance as a salesperson.

16. In or about September 2014, Mr. Holloway informed his supervisors at Kenwood and Kings Dodge that he was suffering from a degenerative hip condition that would require corrective surgery and consequent absence from work.

17. Mr. Holloway requested and Defendants approved a leave of absence under the auspices of the FMLA to begin on October 22, 2014. Following surgery on one hip, Mr. Holloway was advised that he required surgery on his other hip. Accordingly, Mr. Holloway requested an extension of his approved leave of absence as an accommodation for his disability. His request was denied because Mr. Holloway's approved leave of absence was scheduled to expire on January 14, 2015 and Defendants were unwilling to extend his medical leave beyond that date.

18. On or about January 5, 2015, Mr. Holloway received a letter from his employer informing him that if he did not return to work by the expiration date of his leave, the company would consider him to have voluntarily resigned his position.

19. In reaction to the letter, Mr. Holloway spoke to his immediate supervisor, Mark Pittman. Mr. Pittman told Mr. Holloway while he could not extend his leave of absence, the dealership would be willing to rehire Mr. Holloway when he was fully cleared by his physician to return to work.

20. After a period of recuperation Mr. Holloway was granted leave by his physician to return to work on August 22, 2015.

21. Mr. Holloway then advised Mr. Pittman of his status and his desire to return to work in accordance with his understanding of the terms of his departure from the dealership. At Mr. Pittman's suggestion, Mr. Holloway spoke with Jeff Carmichael, the general sales manager for the dealership. Mr. Carmichael requested a copy of Mr. Holloway's work release and further informed him that in order to return, he

would be required to submit to a background check and a drug screen. Mr. Holloway provided all the information requested of him and agreed to any required testing.

22. Several days later, Mr. Holloway received a phone call from Mr. Pittman who told him that he had been instructed to inform Mr. Holloway that "the company was doing a new thing" and that therefore the dealership would no longer be hiring anyone beyond middle-aged who is not a top performer.

23. As a result of the implementation of its new policy, Defendants refused to rehire Mr. Holloway. His last day at the dealership was October 22, 2014.

24. The action of Defendants in the manner previously described were taken intentionally, maliciously and purposefully, with a callus disregard for Mr. Holloway's rights to be free from discrimination due to age and disability.

25. As a direct and proximate result of Defendants' discriminatory actions, Mr. Holloway has suffered and continues to suffer for violations of his rights under federal and state law to be free from acts of discrimination, loss of salary and other employment benefits, emotional distress and damage to his professional reputation.

## VI. STATEMENT OF CLAIMS

### Age Discrimination

26. Mr. Holloway repeats and incorporates paragraphs one through twenty-five as if fully rewritten herein.

27. The actions of Defendants Kenwood and Kings Dodge violated Mr. Holloway's rights to be free from discrimination in violation of the Age Discrimination in Employment Act and The Ohio Civil Rights Act, R.C. § 4112.02 et seq.

### Disability Discrimination

28. Mr. Holloway repeats and incorporates paragraphs one through twenty-seven as if fully rewritten herein.

29. The actions of Defendants Kenwood and Kings Dodge, in refusing to accommodate and then by refusing to rehire Mr. Holloway, violated his rights to be free from disability discrimination in violation of 29 USC § 621 et seq. and R.C. § 4112.02 et seq. and §4112.99.

### PRAYER FOR RELIEF

Wherefore Plaintiff Frederick Holloway demands judgment against Defendants, the Kenwood Dealer Group, Inc. and Kings Dodge, Inc., jointly and severally, as follows:

   a. A judgment for compensatory damages for Mr. Holloway's economic injuries in an amount to be determined at trial.

   b. ADEA liquidated damages and equal to lost wages.

   c. A judgment for compensatory damages for Mr. Holloway's non-economic injuries in an amount to be determined at trial.

   d. A judgment against Kenwood Dealer Group, Inc. and Kings Dodge, Inc. for punitive damages in an amount to be determined at trial.

   e. A judgment for an award of Mr. Holloway's reasonable attorney fees and costs in this matter; and

   f. An award for such other relief, in law or in equity, which is appropriate under the premises.

Respectfully submitted,

MEZIBOV BUTLER

*/s/ Marc D. Mezibov*_____
Marc D. Mezibov (OH No. 0019316)
Brian J. Butler (OH No. 008265)
615 Elsinore Place, Suite 105
Cincinnati, OH 45202
Phone: 513.621.8800
Fax: 513.621.8833
mmezibov@mezibov.com
bbutler@mezibov.com

*Attorneys for Plaintiff Frederick Holloway*

## JURY DEMAND

Plaintiff Frederick Holloway demands a jury trial to resolve all issues of fact related to his Complaint.

*/s/ Marc D. Mezibov*_____
Marc D. Mezibov (Ohio No. 0019316)