# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

Frederick Holloway,

    Plaintiff,

        v.                            Case No. 1:16cv1075

Kings Dodge, et al.,                        Judge Michael R. Barrett

    Defendants.

## OPINION & ORDER

This matter is before the Court upon Plaintiff's Motion for Summary Judgment Regarding Defendants' Mitigation Defense. (Doc 48). Defendants filed a Response in Opposition (Doc. 49), and Plaintiff filed a Reply (Doc. 50).

## I. BACKGROUND

Plaintiff bring claims pursuant to the Age Discrimination in Employment Act ("ADEA") and Ohio law based on Defendants' failure to rehire him into the position of salesperson in Defendants' Chrysler dealership.

A few months after he was not rehired by Defendants, Plaintiff applied for and was hired into a position as a salesperson selling cars at Clay Cooley Nissan. (Doc. 10, Frederick Holloway Dep., PAGEID# 65). Plaintiff began working at Clay Cooley in October of 2015. (Id. at PAGEID# 66). However, in February 2016, Clay Cooley sold the dealership to Jeff Wyler. (Id. at PAGEID# 65). Jeff Wyler instituted new job responsibilities, including a requirement that salespersons be on call twenty-four hours a day, seven days a week. (Id). Plaintiff's obligations as a pastor and caretaker for his grandchildren made it difficult to be on call at all times. (Id.) Therefore, after two weeks

of working for Jeff Wyler, Plaintiff left his job at Jeff Wyler. (Id. at PAGEID# 65-66). Defendants argue that Plaintiff failed to mitigate his claimed damages by remaining in that position.

While Defendants failed to raise the affirmative defense of failure to mitigate damages in their responsive pleadings, this Court permitted Defendants to amend their answer to add the affirmative defense. (Doc. 44). Plaintiff now moves for summary judgment on Defendants' affirmative defense of mitigation of damages.

## II. ANALYSIS

### A. Summary Judgment Standard

Federal Rule of Civil Procedure 56(a) provides that summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." The moving party has the burden of showing an absence of evidence to support the non-moving party's case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). Once the moving party has met its burden of production, the non-moving party cannot rest on his pleadings, but must present significant probative evidence in support of his complaint to defeat the motion for summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-49 (1986). In reviewing a summary judgment motion, courts are required to view the facts and draw all reasonable inferences in the light most favorable to the nonmoving party. *Scott v. Harris*, 550 U.S. 372, 378, 127 S.Ct. 1769, 167 L.Ed.2d 686 (2007) (citing *United States v. Diebold, Inc.*, 369 U.S. 654, 655, 82 S.Ct. 993, 8 L.Ed.2d 176 (1962)). This framework applies equally to a defendant's affirmative defenses. *Resolution Tr. Corp. v. Metropole Bldg. Ltd. P'ship*, 110 F.3d 64 (6th Cir. 1997) ("Appellants cite no authority whatever

2

(which is not surprising since there is none) in support of their claim that because in this case the moving party is the plaintiff, the rules are different."); *EEOC v. Skanska USA Bldg., Inc.*, 80 F. Supp. 3d 766, 780 (W.D. Tenn. 2015) ("When the nonmoving party in a summary judgment motion bears the burden of proof at trial, Rule 56 requires them to 'go beyond the pleadings' and designate specific facts showing that there is a genuine issue for trial.") (citing *Celotex*, 477 U.S. at 324).

### B. <u>Mitigation of damages</u>

Under the ADEA, an employee has a duty to mitigate his damages by seeking new employment. *Skalka v. Fernald Envtl. Restoration Mgmt. Corp.*, 178 F.3d 414, 426 (6th Cir. 1999). The Sixth Circuit employs a two-step test when analyzing a mitigation of damages defense:

> The employee bears the initial burden of proving damages with "reasonable certainty." *Blackwell v. Sun Elec. Corp.*, 696 F.2d 1176, 1192 (6th Cir. 1983). If he meets that requirement, the employer must show that the employee failed to mitigate damages by showing that (1) similar positions were available; and (2) the employee did not "use reasonable care and diligence in seeking such positions." *Rasimas v. Mich. Dep't of Mental Health*, 714 F.2d 614, 624 (6th Cir. 1983).

*Gunter v. Bemis Co., Inc.*, 906 F.3d 484, 490 (6th Cir. 2018).

As a threshold matter, Defendants argue that mitigation of damages is not a proper subject for summary judgment because whether a plaintiff has exercised reasonable diligence in mitigating his or her damages is an issue of fact. The Court notes that while it is typically raised by the employer, mitigation of damages is routinely addressed on summary judgment. *See, e.g., Harris v. Heritage Home Health Care*, 939 F. Supp. 2d 793, 804 (E.D. Mich. 2013) (rejecting employer's argument on summary judgment that plaintiff failed to mitigate her damages); *Finch v. Xavier Univ.*, 689 F. Supp. 2d 955, 969

(S.D. Ohio 2010) (denying employer's motion for summary judgment because there was no evidence in the record that substantially equivalent work was available to plaintiffs); *Dawson v. Qube Corp.*, 6 F. Supp. 2d 677, 685 (N.D. Ohio 1998) (denying employer's motion for summary judgment on the issue of mitigation of damages because the "reasonableness" of the plaintiff's efforts to secure a substantially equivalent job is a matter for the jury). While these courts often deny summary judgment, Defendants have not cited any support for their proposition that mitigation of damages cannot be raised on summary judgment.

Turning back to the two-step test used when analyzing a mitigation of damages defense, Defendants do not seem to contend that Plaintiff has met his initial burden of proving damages with reasonable certainty. Instead, Defendants argue that "substantially equivalent positions" were available and Plaintiff unreasonably failed to pursue such a position.

The Sixth Circuit has held that where "a defendant has offered *no* evidence indicating that 'substantially equivalent positions ... were available' and that 'the claimant failed to use reasonable care and diligence in seeking such positions," a plaintiff has no legal obligation to demonstrate that he sought or obtained comparable employment after his unlawful termination. *Pittington v. Great Smoky Mountain Lumberjack Feud, LLC*, 880 F.3d 791, 801 (6th Cir. 2018) (quoting *Rasimas*, 714 F.2d at 624) (emphasis added).

Here, there is some evidence regarding the availability of comparable employment. Plaintiff was hired into another car salesperson position at Clay Cooley a few months after Defendants did not rehire him, which demonstrates that other positions were available. Whether those positions were substantially equivalent is a question for the jury. For a

4

position to be substantially equivalent, it "must afford the claimant virtually identical promotional opportunities, compensation, job responsibilities, working conditions, and status." *Rasimas v. Michigan Dep't of Mental Health*, 714 F.2d 614, 624 (6th Cir. 1983). Plaintiff's pay at his former job with Defendants and the job at Clay Cooley Nissan were commission-based. While this may make proving equivalent compensation difficult, Plaintiff testified in his deposition that when he began working at Clay Cooley, his draw payments were "much more" than his draw payments from Kings Dodge. (Id. at PAGEID# 81). While the record is not clear what Plaintiff's compensation level was at Jeff Wyler after it took over from Clay Cooley, Plaintiff testified that he left the job at Jeff Wyler because of the schedule. Defendants have presented evidence that even though they did not require that its sales force be on call 24 hours a day, Defendants expected its salespeople to follow up on sales leads after hours and on off days. (Doc. 49-2, Mark Pittman Decl., ¶ 3). This evidence is sufficient to create a genuine issue of material fact as to whether Plaintiff's position at Jeff Wyler was substantially equivalent to his former position at Kings Dodge.

In addition, Defendants have presented sufficient evidence to create a genuine issue of material fact as to whether Plaintiff's job-search process was reasonable. The Sixth Circuit has instructed that "[t]he reasonableness of the effort to find substantially equivalent employment should be evaluated in light of the individual characteristics of the claimant and the job market." 714 F.2d at 624. Defendants have presented evidence that between August of 2015 and July of 2017, Plaintiff has applied for positions with nine employers. (Doc. 10-1, PAGEID# 212).[1] In his deposition, Plaintiff testified that he has

---

[1] In his deposition, Plaintiff testified that there could have been two additional positions for which he applied. (Holloway Dep. at PAGEI# 7).

5

not worked in over two years. (Holloway Dep. at PAGEID# 64). Whether this constitutes reasonable care and diligence in seeking substantially equivalent positions is a question for the jury.

## III. CONCLUSION

Based on the foregoing, Plaintiff's Motion for Summary Judgment Regarding Defendants' Mitigation Defense (Doc 48) is **DENIED**.

**IT IS SO ORDERED**.

                                               _/s/ Michael R. Barrett_
                                               Hon. Michael R. Barrett
                                               United States District Judge